Leodis PHILLIPS, Plaintiff-Appellee,

v.

OLD REPUBLIC INSURANCE COMPANY, Defendant-Appellant.

Arley BRAY, Plaintiff-Appellee,

v.

LITTLE "T" COAL COMPANY and Old Republic Insurance Company, Defendants-Appellants.

Supreme Court of Tennessee.

Nov. 9, 1981.

Key, Lee & Layman, Knoxville, for defendants-appellants; Earl R. Layman, Knoxville, of counsel.

O'Neil, Parker & Williamson, Knoxville, for plaintiffs-appellees; Frank Q. Vettori, Knoxville, of counsel.

## OPINION

HARBISON, Chief Justice.

In each of these cases an employee was awarded total permanent disability benefits for coal workers' pneumoconiosis. In each of the cases the employer contends that the trial court erroneously calculated the weekly benefit rate pursuant to T.C.A. § 50–1105. This opinion will deal principally with that issue.

█ In the case involving Leodis Phillips, however, the employer also challenges the sufficiency of the evidence supporting the award. This employee was fifty-two years of age at the time of the trial. He had engaged in underground coal mining for a period of at least twenty-eight years. There is no question but that he is disabled as a result of lung disease. Neither of the two physicians who testified found x-ray evidence of occupational dust disease. One of them, however, testified that the employee's coal mine dust exposure was "enough to be considered causative of his problem, or else it is significant by way of aggravation of his problem." He testified that the aggravation was permanent in nature and stated that the employee was "totally disabled and permanently disabled for his usual occupation of coal mining and for any other job that requires a significant amount of manual labor." The other physician testified that the employee had a significant lung disease which was "permanently aggravated by his work in coal mines."

As pointed out in *Lawson v. Oneida Fuel & Coal Co.*, 529 S.W.2d 220 (Tenn.1975), the General Assembly in 1971 adopted all of the presumptions, criteria and standards contained in or promulgated by reason of the Federal Coal Mine Health and Safety Act of 1969 for use in determining whether an employee has the occupational disease of coal workers' pneumoconiosis and is totally disabled therefrom. T.C.A. § 50–1102. *See also Moore v. Old Republic Insurance Co.*, 512 S.W.2d 564 (Tenn.1974).

Pneumoconiosis is defined in the federal statute as:

"... a chronic dust disease of the lung arising out of employment in an underground coal mine." 30 U.S.C.A. § 902(b).

In 20 C.F.R. § 727.202, this definition is further explained as follows:

"... a disease 'arising out of coal mine employment' includes any chronic pulmonary disease resulting in respiratory or pulmonary impairment significantly related to, or aggravated by, dust exposure in coal mine employment."

The federal statutes, 30 U.S.C.A. § 921(c)(4), provide that if a miner was employed for fifteen years or more in underground coal mines, even if a chest x-ray is interpreted as negative, still

"... if other evidence demonstrates the existence of a totally disabling respiratory or pulmonary impairment, then there shall be a rebuttable presumption that such miner is totally disabled due to pneumoconiosis ...."

The trial court found such a presumption raised in the present case and found that it was not rebutted by the medical evidence. We concur in that finding and approve the award of benefits.

In each of the cases considered in this opinion the disabled employee was married and his wife was his only dependent. The principal question in each case is the proper rate of benefits payable. The issue arises because the amounts payable to employees under the Tennessee Workers' Compensation Act have been periodically increased by statute so that in this case the amount allowable to an employee with one dependent exceeds that allowable under the federal statutes and regulations.

As pertinent to the present case, T.C.A. § 50–1105 provides:

"An employee totally disabled due to coal workers' pneumoconiosis shall be paid benefits during disability as provided for by this law. If said employee has one or more dependents the payments shall be increased fifty percent (50%), of such payment for the first dependent .... Benefits paid under this paragraph shall not be subject to the maximum compensation limitations set forth in § 50–1005, subsections (a), (c), (d) and (e) of § 50–1007, §§ 50–1008, 50–1010, 50–1011, subsection (c)(11) of § 50–1013, or any other sections

of the Workmen's Compensation Law, but the maximum compensation limitation shall be controlled exclusively by the maximum compensation benefits and limitations established under the Federal Coal Mine Health and Safety Act of 1969 ... as applicable to employees suffering from coal worker's pneumoconiosis. However, the minimum compensation limitations for employees suffering from coal worker's pneumoconiosis shall be no less than those set forth in subsection (d) of § 50–1007 for employees permanently and totally disabled by reason of injury."

This section was construed by the Court in the case of *Royal Indemnity Co. v. Futtrell*, 585 S.W.2d 583, (Tenn.1979). There it was noted that the import of the statute was changed by Tennessee Public Acts 1975, chapter 210, from former provisions which incorporated the federal benefits and limitations exclusively. Construing the 1975 amendment, the Court said:

"We hold that this statutory provision incorporates only *the maximum limits of compensation* contained in the Federal Coal Mine Health and Safety Act of 1969, but that in all other respects the benefits payable under the workmen's compensation laws of Tennessee for coal workers' pneumoconiosis are as set out in the Tennessee statutes, *e. g.* T.C.A. § 50–1007(d)." 585 S.W.2d at 585.

▮ From the foregoing it is clear that the maximum limitations set forth in various sections of the Tennessee statutes are not applicable to persons suffering from coal workers' pneumoconiosis. For example, T.C.A. § 50–1005 fixes a "total amount of compensation payable under this chapter" exclusive of medical, hospital and funeral benefits. T.C.A. § 50–1008 fixes a maximum weekly benefit whether "there are or are not persons dependent upon each injured employee ...." T.C.A. § 50–1007(d) prescribes a weekly benefit of sixty-six and two-thirds percent of the wages received at the time of injury subject to a specified dollar amount as a maximum and another dollar amount as a minimum. It also prescribes a maximum number of weeks during which benefits may be paid. These limitations are not applicable to cases

of coal workers' pneumoconiosis, except as they may be made pertinent by the last sentence of T.C.A. § 50–1105, added in 1975.

The Tennessee statutes make no differentiation between employees having dependents and those without dependents except in cases where the employee dies. Certain maximum and minimum benefits are then prescribed in T.C.A. §§ 50–1010 and 50–1013, but, again, the maximum limitation set forth in these sections is expressly made inapplicable to cases of coal workers' pneumoconiosis by the provisions of T.C.A. § 50–1105 quoted above. Likewise the "total amount of compensation" payable in death cases fixed in T.C.A. § 50–1011 is inapplicable.

It therefore seems apparent that the General Assembly intended exactly what it said in stating that "the maximum compensation benefits and limitations" established under the federal statutes and regulations were exclusively controlling.

The last sentence of the section under consideration, however, added in 1975, brings back into play "the minimum compensation limitations" contained in T.C.A. § 50–1007(d) "for employees permanently and totally disabled by reason of injury." Obviously this sentence fixes a floor, or a minimum, for benefits payable to employees disabled by coal workers' pneumoconiosis.

It is the insistence of the appellants that the overall intent of the General Assembly was to give such an employee no less than he or his dependents could receive under the state statutes and no more than could be received under the federal statutes. The parties agree, however, that periodic increases in the weekly benefit rate made by the state General Assembly have made the state compensation rate greater than that provided by the federal statutes. Appellants insist that the General Assembly never intended that the rate for coal miners under the state act would be more than that under the federal act. They insist that such an increase would render meaningless the provisions of T.C.A. § 50–1105 making the maximum compensation benefits and

limitations exclusively those established under the federal statutes.

 While the two portions of T.C.A. § 50–1105 may appear somewhat contradictory in light of the fact that the state rate has been increased to exceed that under federal statutes, the courts must apply the statutes as written. Plainly they seem to state that a coal miner shall receive a weekly benefit no less than that allowable to a totally disabled worker under the state statute. They also provide for a fifty percent increase of this weekly rate where the employee has a single dependent. This is the method by which the trial court computed the benefit rate, and we can find no error therein, even though we recognize the force of the argument of appellants and also recognize that the federal statutes and regulations themselves ordinarily take into account and increase benefits where there are dependents while the Tennessee statutes generally do not, except in death cases. Appellants insist that even if the state rate is to be applied, it should not be increased by reason of dependency. The difficulty with this argument is that the second sentence of the state statute quoted above expressly requires such an increase in pneumoconiosis cases.

The judgment of the trial court in each case is affirmed at the cost of appellants. The cases will be remanded to the trial court for entry of any further orders which may be necessary.

FONES, COOPER, BROCK and DROWOTA, JJ., concur.