Bird HENSLEY, Jr., Appellant,

v.

CONSOLIDATION COAL COMPANY,
INC., Appellee.

Supreme Court of Tennessee,
at Knoxville.

Oct. 11, 1983.

Ray A. Stegall, Knoxville, for appellant.

Thomas S. Scott, Jr., Thomas M. Cole, Arnett, Draper & Hagood, Knoxville, for appellee.

## OPINION

COOPER, Justice.

This is an action to recover worker's compensation benefits. The chancellor found that plaintiff had failed to prove that his pulmonary disability was primarily due to coal worker's pneumoconiosis, and dismissed the action. On appeal plaintiff insists that the medical evidence, when considered in conjunction with the provisions of the Federal Coal Mine Health and Safety Act of 1969, as amended, and the regulations promulgated thereunder, clearly establishes that the plaintiff is totally disabled from coal worker's pneumoconiosis. Plaintiff also contends that the undisputed evidence shows that he worked in coal mines more than fifteen years and that, as a consequence, it must be presumed that his pulmonary disability is due to pneumoconiosis. On considering the record within the scope of the review permitted this court in worker's compensation cases, we find there is material evidence in the record to support the chancellor's findings both as to the cause of plaintiff's disability and the period of time plaintiff worked in the mines. Accordingly, we affirm the judgment of the trial court.

In 1971, the General Assembly adopted all of the presumptions, criteria and standards contained in or promulgated by reason of the Federal Coal Mine Health and Safety Act of 1969, for use in determining

whether an employee has the occupational disease of coal worker's pneumoconiosis and is totally disabled therefrom. T.C.A. § 50–1102. *See also Phillips v. Old Republic Ins. Co.*, 623 S.W.2d 920 (Tenn.1981).

Pneumoconiosis is defined in the federal statute as:

a chronic dust disease of the lung arising out of employment in an underground coal mine. 30 U.S.C.A. § 902(b)

In 20 C.F.R. 718.201, the definition is further explained as follows:

... a chronic dust disease of the lung and its sequalae, including respiratory and pulmonary impairments arising out of coal mine employment.... For purposes of this definition, a disease 'arising out of coal mine employment' includes any chronic pulmonary disease resulting in respiratory or pulmonary impairment *significantly related to, or substantially aggravated* by dust exposure and coal mine employment. (emphasis supplied)

■ In 30 U.S.C.A. § 921(c)(4), it is provided that where a miner has been employed for fifteen years in underground coal mines and evidence demonstrates the existence of a totally disabling respiratory or pulmonary impairment, "there shall be a rebuttable presumption that such miner is totally disabled due to pneumoconiosis." This presumption was a major pillar in the plaintiff's case. Unfortunately, plaintiff's work records show his total employment in the mines to be less than fifteen years. Further, plaintiff's work history as detailed by him in his pretrial deposition did not total fifteen years. It is true that on trial of the case, plaintiff testified that in addition to the time previously listed, he had worked for Leggit Coal Company from 1963 to 1966, mucking the tracks and cleaning-up around the tipple. This testimony, however, was contra to information given by the plaintiff in making application for employment with Consolidation Coal Company in 1968. The application shows that plaintiff worked for Leggit only in 1966, and that as of July 30, 1968, plaintiff had a total mining experience of only eight months. From all this, the chancellor found that

plaintiff had worked "some 12 to 14 years in coal mines," which is not enough time to trigger the rebuttable presumption provided in 30 U.S.C.A. § 921(c)(4). In our opinion, there is material evidence to support the finding of the chancellor.

The fact that plaintiff did not work fifteen or more years in the mines does not prevent his recovery of worker's compensation benefits in the event he is disabled from pneumoconiosis. It just makes proof of causation more difficult.

In this case, there is *no question from the* evidence but that plaintiff is totally disabled from respiratory and pulmonary impairment. There is also evidence that plaintiff has simple pneumoconiosis, bronchial asthma, chronic bronchitis, and emphysema.

As is pointed out in *Peabody Coal Co. v. Benefits Review Board*, 560 F.2d 797, 801 (7th Cir.1977)

[I]n the event that a claimant's respiratory ailment has multiple causes, the hearing officer must determine that pneumoconiosis is the most important or fundamental cause of the impairment.

■ The chancellor found that the plaintiff had failed to prove that his disability was due to pneumoconiosis. Admittedly the evidence on this issue was widely divergent. However, the record shows that plaintiff was examined by Dr. Arnold R. Hudson, Jr., a specialist in pulmonary medicine. Dr. Hudson testified that he gave plaintiff a physical examination "with emphasis on systems relative to Black Lung examination, PA and lateral chest X-ray, routine ventilatory function studies and a diffusion capacity measurement." Dr. Hudson testified unequivocally that while plaintiff has significant pulmonary disability, it did not arise from his employment in coal dust and that it was not due to pneumoconiosis. Dr. Hudson attributed plaintiff's disability to emphysema from smoking, to bronchial asthma and to obesity. This testimony is material evidence to sustain the determination by the chancellor on

the issue of causation and, under the material evidence rule, is binding on this court.

The judgment of the trial court is affirmed. Costs of the appeal are adjudged against the appellant and his surety.

FONES, C.J., and BROCK, HARBISON and DROWOTA, JJ., concur.